NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO.  06-CV-32-HRW

JEFFERY S. RAIFORD                                                                               PLAINTIFF

VS.               **MEMORANDUM OPINION AND ORDER**

ANNUAL CREDIT REPORT SERVICE, ET AL.                                   DEFENDANTS

Jeffery S. Raiford ("Raiford"), an individual presently confined at the Federal Correctional Institution in Ashland, Kentucky, has filed a *pro se* complaint under the Fair Credit Reporting Act, 15 U.S.C. §1681 *et. seq*. [Record No. 1], and a motion to proceed *in forma pauperis* [Record No. 2].

This matter is before the Court for initial screening.  28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

In his complaint, Raiford alleges that on August 1, 2005, he requested a free credit report from Experian and was upset to see too many negative items in his report, including debts that he did not owe to certain creditors.  Plaintiff further alleges that he wrote letters to each of the

defendants requesting that the inaccurate information be corrected or removed but that none has responded. Plaintiff asserts that, by placing inaccurate information in his credit report and/or by failing to promptly correct it after having been given notice of the error by Plaintiff, each of the named defendants has violated the Fair Credit Reporting Act. Raiford seeks correction of the information in his credit report, unspecified damages for emotional distress, and general damages of $500 from each named defendant. Plaintiff has attached to his complaint a copy of a credit report from Experian dated August 6, 2005, showing a number of small debts. Plaintiff has also included a handwritten letter to an unspecified recipient requesting correction of inaccurate information in his credit report.

## DISCUSSION

A review of the Court's PACER database indicates that this is the tenth case filed by Raiford since 2002. As the Court previously noted in *Raiford v. Sanders*, 03-232-HRW, in each of his cases Raiford was granted permission to proceed *in forma pauperis*, and as of that date all of his cases save one had been dismissed upon initial screening as frivolous or for failure to state a claim. In *Raiford v. Sanders*, the Court summarized certain of Raiford's filings before the Court as follows:

> "(1) *Raiford v. Sanders*, 02-CV-199, filed on October 18, 2002, contained a *Bivens* claim for damages for a purported denial of the plaintiff's constitutional right to access to the courts and for a purported violation of his rights under the Privacy Act. On November 25, 2002, this Court dismissed the complaint, *sua sponte*, for the plaintiff's failure to exhaust the BOP administrative remedies. The plaintiff took no appeal.
>
> (2) *Raiford v. Stein*, 02-CV-216, filed on November 14, 2002, was a 42 U.S.C. §1983 case against Russ Stein and Stein Automotive for wrongful repossession of a vehicle. On December 17, 2002, the Court dismissed the complaint, *sua sponte*, for the plaintiff's failure to state a cognizable claim under §1983, the defendants being private, not state, actors. Again, there was no appeal.
>
> (3) *Raiford v. Sanders*, 02-CV-221, filed on November 15, 2002, was a habeas corpus proceeding under 28 U.S.C. §2241, the petitioner alleging: (a) that he had been denied access to his legal papers, and (b) that the BOP failed to award him

appropriate credit on his federal sentence for time served in state custody. This matter was dismissed, *sua sponte*, on November 25, 2002, for the petitioner's failure to exhaust requisite BOP administrative remedies prior to filing suit. This is the only case in which Raiford filed a notice of appeal. This Court denied him permission to proceed *in forma pauperis* on appeal, on the ground that the Court had already certified that any appeal therein would not be taken in good faith. The appeal was dismissed.

(4) *Raiford v. Caughman*, 02-CV-242, filed on December 4, 2002, was another purported habeas corpus proceeding under §2241, against the prosecuting U.S. Attorney or Assistant U.S. Attorney in the criminal proceedings against him, the petitioner alleging that various irregularities occurred. On December 23, 2002, this action was also dismissed *sua sponte*, for the petitioner's failure to demonstrate that his remedy in the trial court, under 28 U.S.C. §2255, was inadequate and ineffective, under standards enunciated in the Sixth Circuit's governing case of *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999). There was no appeal.

(5) *Raiford v. Low Rider Magazine,* 03-CV-141, filed on July 23, 2003, was a civil action pursuant to the federal Fair Credit Reporting Act and Fair Debt Collection Practices Act. Again, the action was dismissed *sua sponte*, the Court finding on September 17, 2003, that the plaintiff had failed to state a claim upon which the Court could grant relief. Raiford took no appeal."

The Court held that his complaint in *Raiford v. Sanders* must be dismissed not only for his failure to exhaust administrative remedies, but also pursuant to 28 U.SC. §1915(g). That section provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under Section 1915(g), any prisoner that has three civil actions dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, is thereafter barred from bringing an action *in forma pauperis* unless he or she can demonstrate an imminent danger of serious physical injury. Instead, such a prisoner must pay the full filing fee when the civil action is filed with the Clerk of the Court.

This Court found in the *Sanders* case that, because at least three of Raiford's civil actions had been dismissed as frivolous or for failure to state a claim upon which relief could be granted, Raiford was thereafter barred under Section 1915(g) from filing any civil action *in forma pauperis*, absent a demonstration of an imminent danger of serious physical harm.

In the present case, Raiford has alleged only that he has suffered emotional distress from seeing false information in a credit report issued on August 6, 2005. The Court holds that this past emotional injury, even if continuing into the present, does not constitute the kind of "imminent danger of serious physical harm" required by 28 U.S.C. §1915(g) to permit him to proceed *in forma pauperis* in the present case. Accordingly, Raiford's complaint must be dismissed without prejudice. If Raiford wishes to raise the claims presented in his present complaint, he must do so by tendering the full filing fee at the time of filing.

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1) The plaintiff's motion to proceed herein *in forma pauperis* is **DENIED**.

(2) This action is **DISMISSED**, *sua sponte*, without prejudice. 28 U.S.C. §1915(g).

(3) This is a **FINAL** and **APPEALABLE** order.

(4) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(5) This matter [06-32-HRW] is **STRICKEN** from the active docket.

This March 29, 2006.



Signed By:
Henry R Wilhoit Jr.
United States District Judge